UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Thomas Robinson,

    Plaintiff,

v.                                                                  Case No. 20-12762

Alorica, Inc.,                                                Sean F. Cox
                                                         United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

    Plaintiff Thomas Robinson filed this action against his former employer, Defendant Alorica, Inc., asserting a number of claims. Those claims include breach of contract and promissory estoppel claims that are based upon an alleged failure to make payments to Plaintiff under Defendant's Severance Pay Plan, an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1002(1). Plaintiff also brings a separate count asserting violations of ERISA, for failing to pay Plaintiff benefits under the Severance Pay Plan. The matter is before the Court on Defendant's Motion to Dismiss. The parties have briefed the issues and the Court concludes that a hearing is not necessary. For the reasons set forth below, the Court shall GRANT the motion and: 1) dismiss with prejudice the promissory estoppel count, and that portion of Plaintiff's breach of contract count that is based upon an alleged failure to pay benefits under the Severance Pay Plan, because those claims are preempted by ERISA; and 2) dismiss Plaintiff's ERISA count without prejudice, because Plaintiff has failed to exhaust his administrative remedies.

**BACKGROUND**

1

Plaintiff filed suit against Defendant in Jackson County Circuit Court, asserting the following claims: 1) Breach of Contract (Count I); 2) Promissory Estoppel (Count II); 3) Age and Sex Discrimination In Violation of the ELCRA (Count III); and 4) Disability Discrimination in Violation of the PWDCRA (Count IV).

On October 12, 2020, Defendant removed the action to this Court, based on diversity jurisdiction.

Defendant filed a Motion to Dismiss on October 19, 2020. Thereafter, this Court issued its standard order giving Plaintiff the option of either filing an amended complaint to correct any pleading deficiencies or filing a response to the motion. Plaintiff opted to file a First Amended Complaint, filed on November 10, 2020. Plaintiff's First Amended Complaint ("FAC") did not add any parties but added one count – "Violation of ERISA" (Count V).

On November 24, 2020, Defendant filed a "Motion To Dismiss Counts I, II, and V of Plaintiff's First Amended Complaint Under Fed. R. Civ. P. 12(b)(6)." (ECF No. 9).

The operative complaint is now Plaintiff's FAC. Because Defendant's motion makes challenges specific to Counts I, II, and IV, the Court will focus on those counts.

Plaintiff brought this suit against Defendant, his former employer. Plaintiff apparently worked at Defendant's call center in Jackson, Michigan.

Plaintiff alleges that the "Alorica Severance Pay Plan (the 'Plan') is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1002(1). A copy of the Plan is attached as Exhibit A." (FAC at ¶ 4) (underlining in original). The FAC further alleges:

> 5. At all material times herein, by virtue of his employment with Alorica, Mr. Robinson was a "participant" of the Plan, as defined in 29 U.S.C.§ 1002(7).

2

> 6. At all materials times herein, Mr. Robinson was a "beneficiary" of the Plan, as defined by 29 U.S.C.§ 1002(8).
>
> 7. Alorica is the "Plan Sponsor" of the Plan, as defined by 29 U.S.C. 1002(16)(B).
>
> 8. Alorica is the "Plan Administrator" of the Plan, as defined by 29 U.S.C. 1002(16)(A).

(FAC at ¶¶ 5-8).

Plaintiff alleges that on August 19, 2019, he was "informed by his supervisor and a human relations representative that the Jackson site would be closing on December 31, 2019." (FAC at ¶ 20). Plaintiff alleges that "[d]uring the meeting on August 19, 2019, [he] was verbally advised that he would be receiving sixteen (16) weeks of continuation pay, if he remained employed at Alorica until December 31, 2019." (*Id.* at ¶ 21). Plaintiff alleges he "was further verbally advised that if he stayed until December 31, 2019, he would receive a retention bonus." (*Id*. at ¶ 22).

Plaintiff alleges that in September of 2019, he was sent an email with an attached "Retention Bonus Agreement" and that email "further provided that: 'In addition to the attached Retention Bonus Agreement, you are entitled to 16 weeks of severance pay in accordance with the Alorica severance policy as long as you remain employed in good standing through December 31, 2019.' See Exhibit B." (FAC at ¶¶ 24 &26).

Plaintiff alleges that he subsequently worked through December 31, 2019. He alleges that on December 31, 2019, he "was provided with a Severance and General Release Agreement," which he found "objectionable" for several reasons, and refused to sign as presented. (FAC at ¶¶ 30-32). Plaintiff alleges that, while Alorica paid him other payments, it never paid him "the sixteen weeks of severance pay it had promised [him] in exchange for his

3

commitment to work for Alorica" until December 31, 2019.  (*Id*. at ¶ 33).

Plaintiff's Breach of Contract count (Count I of the FAC) includes the allegation that "a contract existed between Alorica and [Plaintiff] which obligated Alorica to pay [Plaintiff] sixteen weeks of severance pay, if [he] remained employed by Alorica in good standing through December 31, 2019" and that Alorica breached that contract by failing to pay him that severance pay.  (FAC at 7).

Plaintiff's Promissory Estoppel count (Count II of the FAC) alleges that Alorica made Plaintiff a "clear, definite, and unequivocal" promise to induce Plaintiff to render services for Alorica's benefit and that promise must be enforced to avoid injustice.  (FAC at 7-8).

Plaintiff's count titled "Violation of ERISA" (Count V of the FAC) alleges that Alorica's failure to pay Plaintiff severance benefits under the Plan constitutes a violation of ERISA under 29 U.S.C. § 1132(a)(1)(B).  (FAC at 12-14).

## STANDARD OF REVIEW

Rule 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  The Court must construe the complaint in the light most favorable to the plaintiff and accept its allegations as true.  *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  To survive a motion to dismiss, the complaint must offer sufficient factual allegations that make the asserted claims plausible on their face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Legal conclusions couched as factual allegations will not suffice.  *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 670 (6th Cir. 2011).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir.2001)." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Here, Plaintiff's First Amended Complaint references the "Alorica Severance Pay Plan" (FAC at ¶ 4) and Plaintiff attached a copy of the "Alorica, Inc. Severance Pay Plan" as Exhibit A to that pleading.  (ECF No. 7-2).  As such, the Court may consider that document when evaluating the pending Motion to Dismiss.

## ANALYSIS

**I.   Should Plaintiff's Promissory Estoppel Claim, And That Portion Of His Breach Of Contract Claim Based Upon The Alleged Failure To Make Severance Payments, Be Dismissed With Prejudice Because Those Claims Are Preempted By ERISA?**

Defendant's motion asserts that Plaintiff's promissory estoppel count, and the portion of Plaintiff's breach of contract claim that is based upon an alleged failure to make severance payments, should be dismissed with prejudice because those claims are preempted by ERISA.

"ERISA preempts state law claims that 'relate to' any employee benefit plan.  29 U.S.C. § 1144(a) (1988); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)." *Zuniga v. Blue Cross and Blue Shield of Michigan*, 52 F.3d 1395, 1401 (6th Cir. 1995). The Supreme Court has noted that the ERISA preemption clause "is conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that 'relate[s]

to' an employee benefit plan governed by ERISA." *FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990).

Here, Defendant asserts that Plaintiff's promissory estoppel count, and the portion of Plaintiff's breach of contract claim that is based upon an alleged failure to make severance payments, should be dismissed with prejudice because those claims are preempted by ERISA. Its brief explains that those claims "depend on Plaintiff's allegation that Alorica failed to pay him severance pay. *See, e.g.*, Ex. 1 at ¶¶ 36, 39, 41, 44. But Plaintiff acknowledges that the payment of severance pay was governed under the Severance Pay Plan and it 'is an employee welfare benefit specifically covered under ERISA . . .' *Id*. at 26; *see also* Ex. 1-A, Severance Pay Plan." (Def.'s Br. at 11-12). Defendant contends that "[b]ased on the interpretation of the phrase 'relate to' by the Supreme Court, Plaintiff's breach of contract and promissory estoppel claims arise out of the administration of an employee welfare benefit plan, and 'relate to' an employee benefit plan." (*Id*. at 12).

In response to Defendant's motion, Plaintiff does not dispute that if Alorica's Severance Plan is an ERISA plan, then his breach of contract and promissory estoppel claims, that seek damages for an alleged failure to make such payments to him, are preempted by ERISA. Rather, Plaintiff argues that it would be "premature" to dismiss those claims as preempted because it is his "position that the validity and/or veracity of the Alorica Severance Pay Plan is suspect at best" and because the Alorica Severance Plan "may not be an ERISA covered plan." (Pl.'s Br. at 1 & 10). Notably, these assertions ignore the fact that *Plaintiff's own FAC expressly alleges* that the "Alorica Severance Pay Plan (the 'Plan") is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1002(1)" (FAC at ¶ 4), that at all material times Plaintiff

6

"was a 'beneficiary' of the Plan, as defined by 29 U.S.C. §1002(8)" (FAC at ¶ 6), and that Plaintiff attached a copy of Alorica's Severance Pay Plan as an exhibit to his FAC. (ECF No. 7-2).

Based upon the allegations set forth in Plaintiff's FAC, his promissory estoppel claim, and that portion of his breach of contract claim based upon an alleged failure to make severance payments, are preempted by ERISA and shall be dismissed.

### II. Notwithstanding ERISA Preemption, Does Plaintiff Fail To State Breach Of Contract And Promissory Estoppel Claims?

Defendant's motion includes alternative or additional grounds for dismissal of both the breach of contract and promissory estoppel claims that are preempted. Although these alternative arguments may well have merit, the Court need not address them because these claims are preempted by ERISA.

### III. Should The Court Dismiss Count V Without Prejudice Because Plaintiff Failed To Exhaust His Remedies ?

As to Plaintiff's "Violation of ERISA" claim (Count V of Plaintiff's FAC), Defendant's Motion asserts that count must be dismissed without prejudice because Plaintiff has failed to exhaust his administrative remedies. Defendant notes that Section 8 of the Severance Pay Plan establishes an internal appeal process through which a participant may file a written claim regarding any alleged failure to receive benefits. (Def.'s Br. at 19) (citing ECF No. 7-2 at PageID.171-73). Yet Plaintiff's FAC does not allege that he ever asserted his right to benefits under the Severance Pay Plan through any written claim provided to the Plan Administrator. Accordingly, Defendant asserts that Plaintiff failed to exhaust his administrative remedies and asks the Court to dismiss Count V without prejudice, so that Plaintiff can pursue his

administrative remedies under Section 8 of the Severance Pay Plan.

In response to this argument, Plaintiff does not dispute that although ERISA itself does not contain an exhaustion requirement before suit can be filed in federal court, the Sixth Circuit has read such an exhaustion requirement into the statute. (*See* Pl.'s Br. at 16-17). But Plaintiff contends that the exception under 29 CFR 2560.5013-1(l), discussed in the Sixth Circuit's decision in *Wallace v. Oakwood Healthcare, Inc.* 954 F.3d 879 (6th Cir. 2020), applies such that Plaintiff is not required to administratively exhaust his claim.

In *Wallace*, the Sixth Circuit held that because the defendant "did not describe any internal claims review or process or remedies in its plan document, the plan did not establish a reasonable claims procedure pursuant to ERISA regulations; therefore Plaintiff's administrative remedies must be deemed exhausted. *See* C.F.R. 2560.503-1[l] (2003) (stating that if a plan fails to establish or follow claims procedures consistent with ERISA regulations, 'a claimant shall be deemed to have exhausted the administrative remedies available under the plan.')." *Wallace,* 954 F.3d at 887. In *Wallace*, the Sixth Circuit expressly declined to consider any additional arguments as to why exhaustion should not be required. *Id*. at 889.

As Defendant explains in its reply brief, Plaintiff's reliance on *Wallace*, and the regulation at issue (C.F.R. 2560.503-1(l), is misplaced. Unlike the plaintiff in *Wallace,* Plaintiff does not allege that Defendant's Severance Pay Plan fails to describe its internal claims review or process or remedies in its plan document. And the Severance Pay Plan at issue, attached to Plaintiff's FAC as Exhibit A, does contain a claims review process. (ECF No. 7-2 at PageID.171). Thus, *Wallace* and the regulation Plaintiff relies on do not exempt Plaintiff from the exhaustion requirement.

8

Moreover, while Plaintiff asserts that he should not have to exhaust administrative remedies because he alleges that he was not provided with a copy of the plan until this litigation commenced, even if that is true, he has not directed this Court to any legal authority to establish that would exempt him from the exhaustion requirement.

This Court therefore agrees that Plaintiff has failed to exhaust his administrative remedies and Count V of his FAC shall be dismissed without prejudice.

### CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED, to the extent that the Court: 1) DISMISSES WITH PREJUDICE Plaintiff's promissory estoppel count (Count II of the FAC) and that portion of Plaintiff's breach of contract count (Count I of the FAC) that is based upon an alleged failure to pay benefits under the Severance Pay Plan, because those claims are preempted by ERISA; and 2) DISMISSES WITHOUT PREJUDICE Plaintiff's ERISA count (Count V of the FAC) because Plaintiff has failed to exhaust his administrative remedies.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  April 8, 2021